JOHN LINCOLN & others *vs.* ABNER P. LESHURE & trustee.

Hampden.   Sept. 27, 1881. — Jan. 5, 1882.   LORD & DEVENS, JJ., absent.

The St. of 1875, *c.* 68, § 1, providing that, when any defendant in a civil action, who has dissolved an attachment made therein, is adjudged a bankrupt, the court may enter a special judgment, to enable the plaintiff to proceed against the sureties on the bond given to dissolve the attachment, does not apply to a defendant against whose estate a warrant in insolvency has been issued; and the St. of 1880, *c.* 246, § 8, amending § 1 of the St. of 1875, by inserting after the word "bankrupt" the words "or against whose estate a warrant in insolvency has already been or afterwards is issued," does not apply to a bond given before the statute took effect, the condition of which is to pay the amount recovered "after any special judgment entered in accordance with" the St. of 1875, *c.* 68, § 1.

CONTRACT on a judgment recovered by the plaintiffs against the defendant in the sum of $132.20.   The case was submitted to the Superior Court upon an agreed statement of facts, in substance as follows:

The attachment in the present action was made by trustee process on December 3, 1879.   At the time of the service of the writ upon the trustee, the city of Springfield, there was in its hands the sum of $91.67, due the principal defendant.   On May 8, 1880, the defendant gave a bond, with sureties, to dissolve the attachment, but the names of the sureties were not mentioned in the body of the bond.   The condition of the bond was that

the defendant should pay the amount recovered " within thirty days after the final judgment, or after any special judgment therein entered in accordance with " the St. of 1875, *c.* 68, § 1. On June 7, 1880, the defendant filed his petition in insolvency, on which petition a warrant issued, July 7, 1880. The proceedings in insolvency are still pending.

The plaintiffs moved that a special judgment be entered in the action " to enable them to proceed against the sureties upon the bond given to dissolve the attachment," in accordance with the provisions of the St. of 1875, *c.* 68, § 2.

This motion was disallowed ; and the plaintiffs appealed to this court.

*W. W. McClench*, for the plaintiffs.

*W. L. Smith*, for the defendant.

ALLEN, J. It is not necessary to consider whether this is a sufficient bond under the St. of 1875, *c.* 68, § 2, because that statute does not authorize any special judgment upon the facts in this case. Section one of the statute provides that, when any defendant who has dissolved an attachment is declared a bankrupt, the court may enter a special judgment, to enable the plaintiff to proceed against the sureties upon the bond given to dissolve the attachment. This defendant has not been declared a bankrupt. The statute refers to the bankrupt law of the United States, which was in force when the statute was enacted, and not to the state insolvent law, which became operative upon the repeal of the bankrupt law, after the enactment of the statute.

The St. of 1880, *c.* 246, § 8, amends the first section of the statute of 1875 by inserting the words " or against whose estate a warrant in insolvency has already been or afterwards is issued." But this statute took effect after the bond was given, and cannot change its condition, which is to pay " after any special judgment entered in accordance with " the St. of 1875, *c.* 68, § 1. *Order affirmed.*